**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAHE BALASANYAN,<br>Petitioner,<br>v.<br>FERETI SEMAIA, *et al.*,<br>Respondents. | Case No. 5:26-cv-04634-RAO<br><br>**ORDER DENYING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I. INTRODUCTION

Petitioner, a detainee in immigration custody filed a Petition for Writ of Habeas Corpus ("Petition") on August 14, 2026. Respondents filed an Answer on August 21, 2026. Dkt. No. 11. Petitioner filed a Reply on August 25, 2026. Dkt. No. 13.

## II. PERTINENT BACKGROUND

Petitioner is a citizen of Armenia currently detained at Adelanto ICE Processing Center. The Petition sets forth the following information. Petitioner came to this country in January 2022, entering through a port of entry. Customs and Border Protection processed him and held him in custody for 50 days. In January

2023, he was released on conditional humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5), with supervision terms and regular reporting appointments. After his release, Petitioner lived with his family in Southern California and assisted in running their business. In March 2022, Petitioner applied for asylum and withholding of removal. He was issued a Notice to Appear and had a scheduled hearing set for October 2024, which was continued at least once. On September 29, 2025, while reporting for a scheduled supervision check in, immigration authorities arrested Petitioner. He was not provided with notice or a hearing or shown any documents to warrant his arrest. On April 2, 2026, Petitioner had a *Rodriguez v. Robbins* hearing. At the hearing, the immigration judge took Petitioner's testimony, notwithstanding that Petitioner has an ongoing state criminal court proceeding. Petitioner's removal proceedings are ongoing.

The Respondents' Answer provides the following additional information and attached the April 2, 2026 decision of the immigration judge. *See* Dkt. No. 11 ("Ans."); *see also* Dkt. No. 11-1 (Order of the Immigration Judge). Petitioner received a bond hearing on April 2, 2026, before an immigration judge pursuant to *Rodriguez v. Robbins*. *See* Dkt. No. 11-1. The immigration judge ruled that the government had met its burden in establishing that Petitioner is a danger to the community and an unacceptable flight risk. In finding Petitioner was a danger to the community, the immigration judge relied on evidence of Petitioner's arrest for operating a vehicle without a license resulting in a collision causing injuries and noted that Petitioner is alleged to have fled from the scene of the accident. With respect to flight risk, the immigration judge pointed to Petitioner's attempt to evade or mislead authorities. The immigration judge's decision also found that Petitioner attempted to minimize his involvement in the accident before the immigration court. *Id*. Petitioner has not appealed this decision to the Board of Immigration Appeals ("BIA").

The Petition claims that Petitioner's current detention violates his procedural and substantive due process rights. *See* Pet. at 15–26, 33–35. Petitioner requests, *inter alia*, immediate release from immigration custody. *Id.* at 35-36.

Respondents oppose the Petition, arguing that Petitioner has been provided due process in the form of a *Rodriguez*[1] hearing in April 2026, where the immigration judge determined Petitioner is a flight risk and a danger to the community.[2] *See* Dkt. Ans. at 2. Respondents maintain that Petitioner's challenge to the immigration judge's decision should be raised through the administrative exhaustion process of appealing to the BIA. *Id.* at 3–5.

Petitioner filed a Reply on August 25, 2026. Dkt. No. 13 ("Reply"). The Reply acknowledges that Petitioner did not appeal the immigration judge's denial of bond but argues, *inter alia*, that the Court should waive exhaustion because he would have to endure many months in detention pending a decision from the BIA due to delays in adjudicating bond appeals. Reply at 4-6.

For the reasons set forth below, the Petition for a writ of habeas corpus is DENIED IN PART and otherwise DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## III. LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241

---

[1] *Rodriguez* bond hearings originate from the class action in *Rodriguez v. Holder*, No. CV 7-3239-TJH (RNB), 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013). *Rodriguez* hearings are held in this District every six months for individuals detained pending removal proceedings to determine if continued detention is warranted.

[2] The Answer states that Petitioner failed to meet his burden, but the text of the immigration judge's decision states that the government had met its burden to show that Petitioner is danger and a flight risk. *Compare* Ans. at 2 *with* Dkt. No. 11-1 at 1.

"expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## IV. DISCUSSION

### A. Petitioner's Claim of Due Process Violation For Failure to Provide a Pre-Arrest Hearing

The Court finds that Petitioner's claim that his due process rights were violated when he was not provided a pre-detention hearing is without merit. It is undisputed that Petitioner is in removal proceedings. "Detention during removal proceedings is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). The legal basis for his continued detention is the April 2026 bond denial—not the September 2025 arrest. "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Papikyan v. Semaia*, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (quotation omitted). So long as Petitioner "is currently in removal proceedings and is detained pursuant to those ongoing proceedings," he "is not entitled to release based on his allegedly unlawful arrest." *Reyes v. Hermosilla*, 2026 WL 528692, at *3 (W.D. Wash. Jan. 15, 2026). In sum, the Court finds that Petitioner has not established that his present detention based on alleged defects in his arrest warrant the relief sought in the Petition.

### B. Failure to Exhaust Administrative Remedies

To the extent Petitioner's due process claims challenge the April 2026 bond denial itself, Petitioner has a direct administrative remedy: appeal to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38. The BIA reviews de novo all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R.

§ 1003.l(d)(3)(ii). It also reviews for clear error any findings of fact. *See id.* § 1003.l(d)(3)(i); *Vitug v. Holder,* 723 F.3d 1056, 1063 (9th Cir. 2013).

Administrative exhaustion is not statutorily mandated under § 2241, but prudential exhaustion may be required when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v Crawford*, 646 F.3d 1157, 1160 (9th Cir 2011).

As a general matter, when a detainee has received a bond hearing before an immigration judge, the detainee may appeal the immigration judge's decision to the BIA if not satisfied with the outcome. *See Leonardo*, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." *Id.* (citation omitted). Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision." *Id.*; *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("[A] petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

The Court concludes that the reasons supporting prudential administrative exhaustion apply here. First, to the extent that Petitioner is challenging the

immigration judge's application of the dangerousness and risk of flight factors and the sufficiency of the evidence supporting the bond denial, BIA review is needed to establish a proper record and reach a decision. *See Hernandez*, 872 F.3d at 988. Second, Petitioner filed this petition before obtaining BIA review. Reviewing Petitioner's claims before the BIA's review would allow Petitioner to obviate the administrative process and would "disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims." *Matevosyan v. Warden, Desert View Annex Det. Facility*, No. CV 24-1570-PA (DFM), 2025 WL 978153, at *4 (C.D. Cal. Feb. 24, 2025) (citations omitted), *report and recommendation adopted*, 2025 WL 975009 (C.D. Cal. Mar. 31, 2025). Third, the BIA has subject-matter expertise and can correct any errors alleged to have occurred in Petitioner's bond hearing. The BIA is capable of reviewing the record and determining whether the immigration judge applied the dangerousness and risk of flight factors properly, considered all the evidence, and found correctly that the government carried its evidentiary burden. *See Doe v. Becerra*, No. CV 25-647-DJC (DMC), 2025 WL 1233883, at *4 (E.D. Cal. Apr. 29, 2025); *see also Aden v. Nielsen*, No. CV 18-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger and must be detained.").

Although Petitioner contends that his continued detention is unconstitutional under the Fifth Amendment, that claim now depends on whether the immigration judge applied the correct standard and properly found that the government carried its evidentiary burden when denying bond. If the BIA determines that the immigration judge improperly denied bond, Petitioner could ultimately be released. Consequently, although the BIA cannot directly review the constitutionality of an immigration judge's determination, BIA review may provide the relief that Petitioner

seeks.

Waiver of the exhaustion requirement is not warranted. Petitioner does not establish that his appeal to the BIA would be inadequate, futile, or void. As to irreparable harm, Petitioner does not establish that his irreparable harm is sufficiently weighty for the Court to excuse exhaustion requirements. Since the Court can excuse exhaustion in only "exceptional circumstances," *see Cabaccang v. U.S. Citizenship and Immigr. Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010), the Court cannot excuse exhaustion here based on the few facts and conclusory arguments that Petitioner submits. *See* Reply at 4–6; *see also Zuo v. Hermosillo*, No. CV 26-708-JHC, 2026 WL 809882, at *2 (W.D. Wash. Mar. 24, 2026) ("Petitioner says that a bond appeal routinely takes a significant amount of time to resolve, but he has not shown that his detention pending appeal constitutes irreparable harm sufficient to waive the exhaustion requirement."); *contra W.T.M. v. Bondi*, No. CV 25-2428-RAJ (BAT), 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026) ("Petitioner has presented evidence unique to him, that…supports a finding that his continued detention pending a potentially months-long BIA appeal of the IJ's bond denial decision would risk continued irreparable harm."). Finally, Petitioner makes no assertion as to futility and the Court discerns none on the record before it.

With respect to Petitioner's claim that the immigration judge violated his Fifth Amendment right against self-incrimination, *see* Pet. at 3, it is well settled that the right to remain silent and *Miranda* warnings are "incongruous in the civil immigration context." *Zuniga v. Garland*, 86 F.4th 1236, 1240 (9th Cir. 2023). Moreover, if Petitioner had invoked his Fifth Amendment right to remain silent, the immigration judge would have been permitted to draw an adverse inference. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("In a deportation hearing there is no prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination."). Accordingly, the

Court is not persuaded by Petitioner's argument.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is DENIED IN PART and otherwise DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

DATED: August 31, 2026

/s/

HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE